## THE TEXAS TRANSPORTATION CO. v. DANIEL SHELTON.

### No. 1092.

**Railway Company—Use of Track by Licensee—Failure to Provide Rules.**

The omission of a railway company to provide rules and regulations governing the use of its tracks by two other corporations, using them as mere licensees, without contract or compensation paid therefor, will not render the company liable for injuries to an employe of one such licensee corporation resulting from the negligence of the other in the use of the tracks.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Baker, Botts, Baker & Lovett,* for appellant.—1. A railroad company does not owe the same obligation and duty to a trespasser that it does to one lawfully upon its track. Railway v. Bracken, 59 Texas, 71; Railway v. Smith, 52 Texas, 178; Bradley v. Railway, 80 Texas, 84; Hughes v. Railway, 67 Texas, 598; Gherkins v. Railway, 30 S. W. Rep., 651; Hoover v. Railway, 61 Texas, 505; Thompson on Negligence, sec. 448; Brown v. Railway, 30 S. W. Rep., 639.

*Burke, Griggs & Co.,* and *John A. Kirlicks,* for appellee.—1. A railroad company owes to a trespasser upon its track "such care as that it should not be indifferent to his welfare and safety." Railway v. Sympkins, 54 Texas, 615; Garteiser v. Railway, 2 Texas Civ. App., 234; Railway v. Cock, 68 Texas, 717; Railroad v. Fain, 12 Lea (Tenn.), 35; Davis v. Railway, 58 Wis., 646; Troy v. Railway, 99 N. C., 298. (6 Am. St. Rep., 521, 6 S. E. Rep., 77.)

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted March 14, 1893, by Daniel Shelton, as plaintiff, against the Texas Transporta-

tion Company and the Inman Compress Company, both defendants being private corporations. The petition charged that on December 18, 1892, the plaintiff was in the employ of the Houston Direct Navigation Company, and by it ordered to take a certain hand car, which was the property of the Texas Transportation Company, and upon its track in the city of Houston, and to go to the yards of the Inman Compress Company on said car, to be there used for the purpose of returning to the city of Houston with the crew of employes of the Houston Direct Navigation Company on board said car, a distance of about six miles. In compliance with this order, the plaintiff proceeded to the yards of the Inman Compress Company over said railroad track on said hand car, and while returning and displaying a danger signal or light in front of said car, without out warning, sign or signal, unavoidable by anything that could have been done by plaintiff, and without fault or negligence on his part, said car collided with another car, the property of the Texas Transportation Company, designated as car No. 2; that said car No. 2 was not provided with a signal light, and could not be seen in the darkness, nor could its approach be heard by reason of the noise made by the car plaintiff was riding on. The result of the collision was the crushing and mangling of the plaintiff's leg, which necessitated amputation. The petition charges the Texas Transportation Company with negligence, in that it failed to provide said car No. 2 with good and sufficient signal light, when it knew, or by the exercise of reasonable or ordinary diligence might have known, that plaintiff's said car was upon the track. Plaintiff alleges that at the time of the accident he was twenty-five years of age, strong and vigorous and of good health; that he readily could and did earn $80 per month by manual labor; that he suffered great physical pain and anguish and agony and distress, and that the loss of his leg rendered him a helpless cripple for life, and prays for judgment in the sum of $20,000.

By trial amendment, filed February 26, 1894, plaintiff alleged that he was lawfully upon the track of the Texas Transportation Company, riding upon a car operated upon said track by and with the consent and permission of said defendant, and that this car, No. 2, was likewise upon the track by authority and permission of the defendant.

The Inman Compress Company answered by general demurrer and general denial. The Texas Transportation Company answered by general demurrer, general denial, pleas of contributory negligence, especially denied that car No. 2, so designated in plaintiff's petition, was its property, and especially pleaded that said car was on its track without its knowledge or consent, and without the knowledge or consent of any person authorized to give such consent for said defendant; especially pleaded that the persons on both cars, and the cars upon which they were riding, were trespassers upon defendant's track, had no authority or permission of defendant to be upon its said track, and especially denied that any of the persons operating either of said cars were in its employ, and that each and all of such persons were trespassers upon said track without authority of defendant.

March 5, 1895, trial of the cause was concluded, verdict and judgment rendered in favor of Inman Compress Company, and against Texas Transportation Company in favor of plaintiff for $5000. Motion for new trial was duly made, filed, presented and overruled, notice of appeal given, and appeal duly perfected to this court.

The appellant makes quite a number of assignments of error, but our view of the law in this case renders it unnecessary to discuss or determine the various propositions and counter-propositions submitted in the briefs of counsel. The appellee rests his right to recover of the appellant upon its omission to provide rules and regulations for the safety and protection of the employes of the Direct Navigation Company and the Inman Compress Company while running hand cars for their respective employers over the railroad track of appellant under alleged license and permission of appellant. The evidence, at most, but established a tacit license from appellant to said companies to run hand cars upon its track for their convenience in conducting the business of their respective pursuits, without reward or compensation secured or promised to appellant for such use of the property. The evidence further shows, without dispute, that the plaintiff was directed by his employer to run a hand car upon appellant's track; that plaintiff received this order in the night time, and was executing it in the night, when he was injured by a collision of the car, on which he was, with another hand car upon said track, being placed and moved thereon, after night, by servants of the Inman Compress Company, with the permission, as alleged by the servants, from an official of said company. Neither of these hand cars was manned or moved by the employes of appellant, and the evidence fails to show that the presence of either of these hand cars upon its track was known to appellant, or that it was known to appellant that it was the intention of either of the licensees to occupy its track during that night. These facts make it manifest, that if appellant be liable to appellee, it is solely because, as before remarked, of its omission to establish rules and regulations to be observed by the Navigation and Inman companies, while using the railway under the tacit permission of appellant. In support of the proposition that such omission by appellant was culpable negligence, and for injuries resulting therefrom to its licensee the railway would be liable, appellee cites several cases; but, in our opinion, the decisions in these cases do not sustain the proposition, nor are they in conflict with what we understand to be the general rule on the subject. That rule is, that licensors are liable to their licensees for actual, but not for passive negligence; and, in accordance with this rule, it is laid down in Patterson on Railway Accidents, pages 176-178, that a railway is not liable to a licensee for injuries resulting from defects in the railway track; that the licensee takes the track as he finds it, and the railway is not under obligation to him to keep its track in repair. If the failure of a railroad company to keep its track in repair and in safe condition be passive negligence, its failure to provide rules and regulations for the licensees, in the use of the track, for the protection of each from injury by the act of the other,

is equally so. We can readily understand why a railway should be held liable to its licensee for an injury received through the negligent act of the railway or that of its servants done, in the scope of their employment, but we can conceive of no rule of law or of ethics which would authorize a court of justice, under the pleadings and facts presented by the record before us, to hold the appellant answerable in damages to appellee for the injuries of which he complains.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 23, 1896.